IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MARK PHILLIPS, | ) | CV. NO.  10-00272 DAE-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| BAC HOME LOANS SERVICING, | ) | |
| LP, FKA COUNTRYWIDE HOME | ) | |
| LOANS SERVICING, LP, | ) | |
| MORTGAGE ELECTRONIC | ) | |
| REGISTRATION SYSTEMS, INC, | ) | |
| and DOES 1 through 20 inclusive, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER: (1) GRANTING DEFENDANTS' MOTION TO DISMISS
COMPLAINT; (2) VACATING HEARING; AND (3) DISMISSING THE
COMPLAINT AS AGAINST ALL DEFENDANTS

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for

disposition without a hearing.  After reviewing the motion and the supporting and

opposing memoranda, the Court GRANTS Defendants' Motion to Dismiss

Complaint.  (Doc. # 8.)  The hearing on the motion is hereby VACATED, and the

Complaint is DISMISSED as against all Defendants.

BACKGROUND

On May 7, 2010, Plaintiff Mark Phillips ("Plaintiff") filed a

Complaint against Defendants BAC Home Loans Servicing, LP ("BAC"),

Mortgage Electronic Registration Systems, Inc. ("MERS"), and Does 1–20,

alleging that Plaintiff had been lured into a predatory mortgage loan.[1] ("Compl.,"

Doc # 1.)  Specifically, Plaintiff's Complaint alleges Counts: (Count I) "unfair

trade practices involving noncompliance" under the Truth in Lending Act

("TILA") (id. ¶¶ 27–31); (Count II) failure to obtain signed loan documents in

violation of TILA (id. ¶¶ 32–36); (Count III) failure to give a three-day cooling

period in violation of TILA (id. ¶¶ 37–41); (Count IV) failure to give conspicuous

writings in violation of TILA (id. ¶¶ 42–46); (Count V) unfair and deceptive acts

and practices in violation of Chapter 480 of the Hawaii Revised Statutes (id. ¶¶

47–51); (Count VI) declaratory judgment regarding fraud (id. ¶¶ 52–53); (Count

VII) injunctive relief (id. ¶¶ 54–55); (Count VIII) breach of the implied covenant

of good faith and fair dealing (id. ¶¶ 56–57); (Count IX) equitable estoppel (id. ¶¶

58–59); (Count X) negligent and/or intentional infliction of emotional distress (id.

---

[1] Plaintiff presumably filed the Complaint in this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332, although Plaintiff does not provide as much in his Complaint.  Plaintiff represents that he is domiciled in Hawaii, that BAC is a Texas corporation, and that MERS is a Delaware corporation.  (Compl. ¶¶ 1–3.)

¶¶ 60–64); and (Count XI) punitive damages (id. ¶¶ 65–66).  The background section of Plaintiff's Complaint also alleges violations of the Real Estate Settlement Procedures Act ("RESPA"), the Equal Credit Opportunity Act ("ECOA"), the Gramm, Leach, Bliley Act ("GLB"), the Fair & Accurate Credit Transactions Act ("FACTA"), and the Home Ownership and Equity Protection Act ("HOEPA").  (Id. ¶ 11.)

Plaintiff resides in the State of Hawaii.  (Id. ¶ 1.)  Plaintiff executed a note dated September 29, 2006.  (Id. ¶ 10.)  The note is secured by a mortgage that was recorded in the Bureau of Conveyances on October 16, 2006.[2]  (Id. ¶ 10; Mot. Ex. B.)  The real property at issue in this loan transaction is located at 140 Uwapo Road #40-202, Kihei, Hawaii 96753 (the "Subject Property").  (Id. ¶ 7.)  On June

---

[2] Defendants submitted a copy of the subject mortgage as Exhibit B to their Motion to Dismiss.  "[A] district court ruling on a motion to dismiss may consider documents 'whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading.'"  Parrino v. FHP, Inc., 146 F.3d 699, 705 (9th Cir. 1998) (quoting Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994)); see also Lee v. City of L.A., 250 F.3d 668, 688 (9th Cir. 2001).  In the instant case, Plaintiff's entire Complaint revolves around the subject mortgage.  The mortgage is clearly essential to the Complaint, and neither party disputes its authenticity.  Accordingly, it is appropriate for the Court to consider the mortgage itself when ruling on Defendants' Motion to Dismiss.

10, 2010, the Subject Property was sold at a foreclosure auction.[3]  (See Mot. Exs. C, D.)  According to public records, the Federal National Mortgage Association now owns the property.  (See id.)

Plaintiff alleges that Defendants BAC and MERS ("Defendants") engaged in "unfair trade practices and predatory lending practices" and that they "knowingly put Plaintiff into a loan that he could not afford" in violation of state and federal law.  (Compl. ¶¶ 7, 19.)  Plaintiff also contends that Defendants "implemented [their] deceptive scheme through misleading marketing practices designed to sell risky and costly loans to homeowners, the terms and dangers of which Plaintiff did not understand."  (Id. ¶ 18.)  Finally, Plaintiff asserts that neither BAC nor MERS have "authority to enforce the provisions of the Mortgage and Note against Plaintiff."  (Id. ¶ 20.)

---

[3] Defendants submitted a copy of the Affidavit of Foreclosure Under Power of Sale as Exhibit C to their Motion to Dismiss, and a copy of the Mortgagee's Quitclaim Deed Pursuant to Power of Sale as Exhibit D to their Motion to Dismiss. Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record."  Lee, 250 F.3d at 688–89.  "Therefore, on a motion to dismiss a court may properly look beyond the complaint to matters of public record and doing so does not convert a Rule 12(b)(6) motion to one for summary judgment." Mack v. S. Bay Beer Distrib., Inc., 798 F.2d 1279, 1282 (9th Cir. 1986), overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino, 501 U.S. 104, 111 (1991).  Because both documents are public record, the Court will consider them in ruling on Defendants' Motion to Dismiss.

On September 8, 2010, Defendants filed a Motion to Dismiss

("Motion") for failure to state a claim upon which relief can be granted.  ("Mot.,"

Doc. # 8.)  On November 15, 2010, Plaintiff filed an Opposition.  ("Opp'n," Doc. #

19.)  On November 22, 2010, Defendants filed a Reply.  ("Reply," Doc. # 21.)

STANDARD OF REVIEW

I.      Federal Rule of Civil Procedure 12(b)(6)

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure

("Rule"), a motion to dismiss will be granted where the plaintiff fails to state a

claim upon which relief can be granted.  Review is limited to the contents of the

complaint.  See Clegg v. Cult Awareness Network, 18 F.3d 752, 754 (9th Cir.

1994).  A complaint may be dismissed as a matter of law for one of two reasons:

"(1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable

legal claim."  Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir.

1984) (citation omitted).  Allegations of fact in the complaint must be taken as true

and construed in the light most favorable to the plaintiff.  See Livid Holdings Ltd.

v. Salomon Smith Barney, Inc., 416 F.3d 940, 946 (9th Cir. 2005).

A complaint need not include detailed facts to survive a Rule 12(b)(6)

motion to dismiss.  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007).

In providing grounds for relief, however, a plaintiff must do more than recite the

5

formulaic elements of a cause of action.  See id. at 556–57; see also McGlinchy v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988) ("[C]onclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim.") (citation omitted).  "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotations and citations omitted).  Thus, "bare assertions amounting to nothing more than a formulaic recitation of the elements" of a claim "are not entitled to an assumption of truth." Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[T]he non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (internal quotations and citations omitted).

A court looks at whether the facts in the complaint sufficiently state a "plausible" ground for relief.  See Twombly, 550 U.S. at 570.  A plaintiff must include enough facts to raise a reasonable expectation that discovery will reveal evidence and may not just provide a speculation of a right to relief. Id. at 586. When a complaint fails to adequately state a claim, such deficiency should be "exposed at the point of minimum expenditure of time and money by the parties

and the court." Id. at 558 (citation omitted).  If a court dismisses the complaint or portions thereof, it must consider whether to grant leave to amend.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (finding that leave to amend should be granted "if it appears at all possible that the plaintiff can correct the defect") (internal quotations and citations omitted).

II.     Federal Rule of Civil Procedure 9(b)

Federal Rule of Civil Procedure 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  Under Ninth Circuit law, "Rule 9(b) requires particularized allegations of the circumstances constituting fraud."  In re GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1547–48 (9th Cir. 1994) (en banc), superseded on other grounds by 15 U.S.C. § 78u-4.

In their pleadings, plaintiffs must include the time, place, and nature of the alleged fraud; "mere conclusory allegations of fraud are insufficient" to satisfy this requirement.  Id. at 1548 (quoting Moore v. Kayport Package Express, Inc., 885 F.2d 531, 540 (9th Cir. 1989)).  "[T]he circumstances constituting the alleged fraud [must] 'be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong.'"  Kearns v. Ford Motor Co., 567 F.3d 1120, 1124

(9th Cir. 2009) (quoting Bly-Magee v. California, 236 F.3d 10104, 1019 (9th Cir. 2001)); see also Moore, 885 F.2d at 540 (finding that Rule 9(b) requires a plaintiff to attribute particular fraudulent statements or acts to individual defendants). However, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  Fed. R. Civ. P. 9(b); see also In re GlenFed, Inc. Sec. Litig., 42 F.3d at 1547 ("We conclude that plaintiffs may aver scienter . . . simply by saying that scienter existed."); Walling v. Beverly Enter., 476 F.2d 393, 397 (9th Cir. 1973) (finding that Rule 9(b) "only requires the identification of the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations" (citations omitted)).

A motion to dismiss for failure to plead with particularity is the functional equivalent of a motion to dismiss under Rule 12(b)(6) for failure to state a claim.  Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1107 (9th Cir. 2003).  In considering a motion to dismiss, the court is not deciding the issue of "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984).

<u>DISCUSSION</u>

For the reasons set forth below, the Court concludes that Defendants'
Motion to Dismiss should be granted.  The Complaint is dismissed without
prejudice as against all Defendants.

I.      <u>Counts I–IV: Truth in Lending Act Violations</u>

Counts I, II, III, and IV of the Complaint allege that Defendants
violated TILA by failing to provide Plaintiff with all of the required disclosures.
(Compl. ¶¶ 27–46.)  Plaintiff asserts rescission, civil liability, and recoupment
claims for the purported TILA violations.  (<u>Id.</u>)  Defendants contend that Plaintiff's
TILA claims are barred by the statute of limitations and that equitable tolling does
not apply.[4]  (Mot. at 6–14; Reply at 4–7.)  Because the statute of limitations differs
for each of these claims, the Court will address them separately.

A.      <u>Rescission Under 15 U.S.C. § 1635</u>

Section 1635(a), TILA's so-called buyer's remorse provision, gives
borrowers three business days to rescind the loan agreement without penalty.  15
U.S.C. § 1635(a); <u>Semar v. Platte Valley Fed. Sav. & Loan Ass'n</u>, 791 F.2d 699,

---

[4] Defendants also assert that they are not subject to civil liability under TILA
because they are neither creditors nor assignees of creditors.  (Mot. at 8 n.3; Reply
at 3–4.)  The Court does not reach this argument because of its determination that
Plaintiff's TILA claims are barred by the statute of limitations and that Plaintiff has
not alleged sufficient facts to state a claim for equitable tolling.

701 (9th Cir. 1986) (citing 15 U.S.C. § 1635(a)).  To invoke this provision, the

loan must be a consumer loan using the borrower's principal dwelling as security.

15 U.S.C. § 1635(a).  If the lender fails to deliver certain forms or disclose

important terms accurately, Section 1635(f) gives the borrower the right to rescind

until "three years after the consummation of the transaction or . . . the sale of the

property, whichever occurs first."  15 U.S.C. § 1635(f); see also King v. California,

784 F.2d 910, 913 (9th Cir. 1986).  Here, Plaintiff entered into the loan transaction

on September 29, 2006 (Compl. ¶ 10; Mot. Ex. B) and initiated the instant lawsuit

on May 7, 2010.  More than three years elapsed between the consummation of the

loan and Plaintiff's invocation of his right to rescind.  Therefore, Plaintiff's claim

for rescission under TILA is barred by the statute of limitations.

Plaintiff alleges in his Complaint that he is entitled to equitable tolling

based on Defendants' "fraudulent conduct" and "fraudulent concealment" of the

alleged TILA violations.  (Compl. ¶ 10; see Opp'n to Mot. at 7–8.)  This argument

fails because equitable tolling does not apply to rescission under TILA.  Beach v.

Ocwen Fed. Bank, 523 U.S. 410, 412 (1998) (holding that "§ 1635(f) completely

extinguishes the right of rescission at the end of the 3-year period"); see also

Miguel v. Country Funding Corp., 309 F.3d 1161, 1164 (9th Cir. 2002) (citing

Beach and holding that "§ 1635(f) is a statute of repose, depriving the courts of

10

subject matter jurisdiction when a § 1635 claim is brought outside the three-year

limitation period"); King, 784 F.2d at 913 (characterizing Section 1635(f) as a

"three-year absolute limitation" on Section 1635 rescission actions).[5]

      Accordingly, the Court GRANTS Defendants' Motion to Dismiss as

to Plaintiff's TILA rescission claim.

    B.   <u>Damages Under 15 U.S.C. § 1640</u>

      In addition to rescission, TILA authorizes civil liability in the form of

actual damages, statutory damages, costs, and attorneys fees.  15 U.S.C. § 1640.

Pursuant to Section 1640(e), there is a one-year statute of limitations for civil

liability claims under TILA.  <u>Id.</u> § 1640(e).  The limitations period generally runs

from the date of consummation of the transaction.  King, 784 F.2d at 915.  Here, as

stated above, Plaintiff entered into the loan transaction on September 29, 2006 and

initiated the present lawsuit on May 7, 2010.  As such, more than one year elapsed

between the consummation of the loan and the filing of the instant action.

---

[5] Defendants also contend that Plaintiff cannot rescind the loan because the Subject Property has been sold and because Plaintiff has not alleged that he is willing and able to tender the borrowed funds back to the lender.  (Mot. at 14 n.5 & 14–15; Reply at 4–5.)  The Court need not reach these arguments because of its determination that Plaintiff's claim for rescission under TILA is barred by the statute of limitations.

Therefore, Plaintiff's claim for damages under TILA is barred by the statute of limitations unless equitable tolling applies.

As a general matter, "[e]quitable tolling may be applied if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim." Santa Maria v. Pac. Bell, 202 F.3d 1170, 1178 (9th Cir. 2000); see also O'Donnell v. Vencor, Inc., 465 F.3d 1063, 1068 (9th Cir. 2006) ("Equitable tolling is generally applied in situations 'where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.'" (quoting Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990))).  In a TILA damages action specifically, equitable tolling may suspend the limitations period "until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action." King, 784 F.2d at 915. However, when a plaintiff fails to allege facts demonstrating that the plaintiff could not have discovered the purported TILA violation with reasonable diligence, dismissal is appropriate and equitable tolling will not apply.  See Meyer v. Ameriquest Mortg. Co., 342 F.3d 899, 902 (9th Cir. 2003) (refusing to apply equitable tolling for failure to make required disclosures under TILA when the

plaintiff was in full possession of all loan documents and did not allege fraudulent

concealment or any other action that would have prevented discovery of the

violation); Hubbard v. Fidelity Fed. Bank, 91 F.3d 75, 79 (9th Cir. 1996) (holding

that the plaintiff was not entitled to equitable tolling of her TILA claim because

"nothing prevented [the plaintiff] from comparing the loan contract, Fidelity's

initial disclosures, and TILA's statutory and regulatory requirements").

　　　　In this case, Plaintiff alleges that Defendants violated TILA by failing

to provide Plaintiff with all of the required disclosures.  (Compl. ¶¶ 27–46.)  As in

Meyer and Hubbard, plaintiff fails to allege any facts to demonstrate that equitable

tolling applies.  Plaintiff's assertion that Defendants engaged in "fraudulent

conduct" and "fraudulent concealment" of the alleged TILA violations (id. ¶ 10) is

conclusory and does not justify application of equitable tolling.[6]  Plaintiff offers no

explanation as to why he was unable to discover the TILA violations within the

one-year statutory period.  Even Plaintiff's Opposition to Defendants' Motion fails

to correct this deficiency because in it he only states that equitable tolling may

apply to TILA violations, without reference to any facts.  (Opp'n at 9.)  Plaintiff's

---

[6] Defendants also assert that because Plaintiff alleges fraudulent conduct as the basis for equitable tolling, it must be pled with particularity pursuant to Rule 9(b).  (Mot. at 9–11; Reply at 6.)  Because Plaintiff fails to allege sufficient facts to invoke equitable tolling under the Rule 8 standard, much less the Rule 9(b) standard, the Court need not reach Defendants' argument at this juncture.

conclusory allegations without more are insufficient for him to invoke the doctrine of equitable tolling.

Accordingly, the Court GRANTS Defendants' Motion to Dismiss as to Plaintiff's TILA damages claim.

C.    Recoupment Under 15 U.S.C. § 1640

"[R]ecoupment is in the nature of a defense arising out of some feature of the transaction upon which the plaintiff's action is founded." Bull v. United States, 295 U.S. 247, 262 (1935). The Supreme Court has confirmed that recoupment of damage claims survive TILA's one-year statute of limitations. Beach, 523 U.S. at 418. However, to circumvent the statute of limitations, the recoupment claim must be asserted as a "defense" in an "action to collect a debt." 15 U.S.C. § 1640(e). Some courts have held that for a recoupment claim to survive a motion to dismiss, the plaintiff must show the following: "(1) the TILA violation and the debt are products of the same transaction; (2) the debtor asserts the claim as a defense; and (3) the main action is timely." Moor v. Travelers Ins. Co., 784 F.2d 632, 634 (5th Cir. 1986) (citing In re Smith, 737 F.2d 1549, 1553 (11th Cir. 1984)); Agustin v. PNC Fin. Servs. Grp., --- F. Supp. 2d ---, 2010 WL 1507975, at *18 n.2 (D. Haw. Apr. 15, 2010).

14

Plaintiff filed the instant complaint on May 7, 2010, after Defendant BAC had "accelerated all sums secured by the Mortgage and Note" and informed Plaintiff that it would seek to sell the Subject Property.  (See Compl. ¶ 21.) Plaintiff claims to assert the TILA disclosure violations "as a defense to an action to collect a debt" whereby the "action to collect a debt" is the nonjudicial foreclosure proceeding.[7]  (Id. ¶¶ 8–9.)

Plaintiff provides no legal authority for his assertion that a nonjudicial foreclosure is an "action to collect a debt" within the meaning of TILA.  To the contrary, district courts within this circuit have held that a nonjudicial foreclosure is not an "action to collect a debt" within the meaning of Section 1640(e).  Ortiz v. Accredited Home Lenders, Inc., 639 F. Supp. 2d 1159, 1165 (S.D. Cal. 2009) (holding that nonjudicial foreclosures are not "actions" as contemplated by TILA because "actions" refer to judicial proceedings).[8]

_____

[7] The Subject Property was sold at a foreclosure auction on June 10, 2010. (See Mot. Exs. C, D.)

[8] In reaching the conclusion that a nonjudicial foreclosure is not an "action" that survives TILA's statute of limitations, the court in Ortiz reviewed the wording of TILA as well as California state law.  Ortiz, 639 F. Supp. 2d at 1165.  With regard to TILA, the court concluded the Section 1640(e) itself defines an "action" as a court proceeding because it states "'[a]ny action . . . may be brought in any United States district court, or in any other court of competent jurisdiction.'"  Id. (quoting 15 U.S.C. § 1640(e)).  The court also examined California state law,

(continued...)

Additionally, Plaintiff's conclusory statement that he is asserting the

TILA violations as a "defense" is insufficient to prove as much.  In <u>Ortiz</u>, after the

lender filed notice of a nonjudicial foreclosure, but before the sale took place, the

plaintiff initiated a lawsuit alleging TILA violations and attempting to assert a

recoupment defense.  <u>Id.</u>  On these facts, the court concluded that "'[w]hen the

debtor hales the creditor into court, the claim by the debtor is affirmative rather

than defensive.'"  <u>Id.</u> (quoting <u>Moor</u>, 784 F.2d at 634).  In this case, there is no

evidence that Defendants have initiated any sort of court proceeding against

Plaintiff.  Plaintiff's affirmative use of his claim for recoupment is improper and

_____

[8](...continued)
which indicates that an "action" to recover a debt secured by a mortgage on real
property results in a judgment from the court directing the sale of the property and
distributing the resulting funds.  <u>Id.</u>  Similarly, Hawaii Revised Statute section 667-
1 provides that a "foreclosure by action" occurs when the circuit court assesses the
amount due on a mortgage and renders judgment for the amount awarded.  Haw.
Rev. Stat. § 667-1.  Conversely, a "foreclosure under power of sale," or nonjudicial
foreclosure, occurs when the mortgagee forecloses pursuant to the power of sale
contained in the mortgage.  <u>Id.</u> § 667-5.  Thus, in Hawaii, a foreclosure by "action"
requires a judicial proceeding whereas a nonjudicial foreclosure does not.  The
<u>Ortiz</u> court's reasoning clearly applies to the instant case, and the Court finds that a
nonjudicial foreclosure is not an "action to collect a debt" within the meaning of
Section 1640(e).

not within the scope of the TILA exception, which permits recoupment as a defensive claim only.[9]

Accordingly, the Court GRANTS Defendants' Motion to Dismiss as to Plaintiff's TILA recoupment claim.

## II.  Count V: Unfair and Deceptive Trade Practices Act ("UDAP") Violations

Count V of the Complaint alleges that Defendants engaged in "deceptive acts and practices and unfair methods of competition in the conduct of trade and/or commerce actionable under Sec. 480-2, 480-13."  (Compl. ¶ 50.) Hawaii Revised Statute section 480-2(a) provides that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are unlawful."  Haw. Rev. Stat. § 480-2(a).  "Two distinct causes of action have emerged under [section] 480-2(a): (1) claims alleging unfair methods of competition; and (2) claims alleging unfair or deceptive acts or practices."[10]

---

[9] It is entirely unclear to the Court whether Plaintiff is asserting that he is entitled to recoupment from Defendants on some basis other than TILA.  To the extent that Plaintiff does have another basis for recoupment, he provides no allegations to support such a claim.  As such, it cannot survive a motion to dismiss.

[10] Although "[a]ny person" may bring an action for unfair methods of competition in violation of section 480-2, only consumers, the attorney general, or the director of the office of consumer protection may bring an action for unfair or deceptive acts or practices in violation of section 480-2.  Haw. Rev. Stat. § 480-

(continued...)

Haw. Med. Ass'n v. Haw. Med. Serv. Ass'n, Inc., 148 P.3d 1179, 1207 (Haw. 2006); see also Star Markets, Ltd. v. Texaco, Inc., 945 F. Supp. 1344, 1346 (D. Haw. 1996).

Section 480-13 provides a private right of action for violations of section 480-2.[11]  Haw. Rev. Stat. § 480-13.  To maintain this cause of action, the plaintiff must demonstrate: (1) a violation of section 480-2; (2) injury to the consumer caused by such a violation;[12] and (3) proof of the amount of damages. Davis v. Wholesale Motors, Inc., 949 P.2d 1026, 1038 (Haw. App. 1997) (citations omitted).

---

[10](...continued)
2(d), (e); see also Davis v. Four Seasons Hotel, Ltd., 228 P.3d 303, 307 (Haw. 2010).  A "consumer" is a "natural person who, primarily for personal, family, or household purposes, purchases, attempts to purchase, or is solicited to purchase goods or services or who commits money, property, or services in a personal investment."  Haw. Rev. Stat. § 480-1.

[11] Specifically, section 480-13(a) provides a cause of action for "any person who is injured in the person's business or property by reason of anything forbidden or declared unlawful by this chapter," and section 480-13(b) provides a cause of action for "[a]ny consumer who is injured by any unfair or deceptive act or practice" in violation of section 480-2.  Haw. Rev. Stat. § 480-13(a), (b).  The plaintiff may sue for both injunctive relief and damages under sections 480-13(a) and (b).  Id.

[12] In an unfair method of competition claim, the second element is injury to the plaintiff's business or property resulting from the section 480-2 violation. Haw. Med. Ass'n, 148 P.3d at 1216.

Plaintiff's UDAP claim consists entirely of conclusory allegations, which are insufficient to survive a motion to dismiss.  Plaintiff merely provides that he is a consumer within the meaning of Chapter 480; that he is in the class of persons that UDAP was designed to protect; that Defendants engaged in "deceptive acts and practices and unfair methods of competition in the conduct of trade and/or commerce actionable under Sec. 480-2, 480-13"; and that as a "direct, proximate and foreseeable result of Defendants' . . . actions, [they] are in violation of HRS 480-2 and . . . HRS 480-13."  (Compl. ¶¶ 47–51.)  By these allegations, Plaintiff appears to be bringing a claim for both unfair or deceptive acts or practices and unfair methods of competition, but Plaintiff utterly fails to elaborate on the basis of these claims other than to provide more conclusory allegations.[13]  In Plaintiff's Opposition to the Motion, he asserts that "[i]t is obviously clear from the Plaintiffs [sic] pleadings and declaration that something deceptive, unfair and most likely illegal has occurred between the Plaintiffs [sic] and Defendants."  (Opp'n at 3.)  This statement constitutes another legal conclusion, and neglects to address the

---

[13] For example, Plaintiff's Complaint states, inter alia, that Defendants "made untrue or misleading representations regarding the costs of the mortgage loan for the [Subject] Property" and that they engaged in "misleading marketing practices designed to sell risky and costly loans to homeowners, the terms and dangers of which Plaintiff did not understand."  (Compl. ¶¶ 15, 18.)

19

problem with Plaintiff's Complaint, namely that it does not provide any level of factual detail as to Plaintiff's UDAP claim.

Because Plaintiff's Complaint fails to provide any facts as to Defendants' purported unfair or deceptive acts or practices and unfair methods of competition, it fails to state a claim for a UDAP violation. See Iqbal, 129 S. Ct. at 1949 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Accordingly, the Court GRANTS Defendants' Motion to Dismiss as to Plaintiff's UDAP claim.

III.    Count VI: Declaratory Judgment Regarding Fraud

Count VI of the Complaint seeks a declaratory judgment that the "Note and Mortgage and as may have been assigned are void and unenforceable as procured by deceit and misrepresentation and duress." (Compl. ¶ 53.) These allegations are insufficient to meet Plaintiff's burden under Rule 8, much less the more rigorous requirements of Rule 9 that apply to allegations of fraud or mistake. See Fed. R. Civ. P. 9(b) (requiring a party to state with particularity the circumstances constituting fraud or mistake). Plaintiff fails to plead the time and place of the fraud and he also does not specify what role each defendant played in the alleged misconduct. Furthermore, Plaintiff's statement that the mortgage and

note were "procured by deceit and misrepresentation and duress" is a legal

conclusion entitled to no weight.  See Iqbal, 129 S. Ct. at 1949.

Accordingly, the Court GRANTS Defendants' Motion to Dismiss as

to Plaintiff's claim for a declaratory judgment regarding fraud.[14]

IV.     Count VII: Injunctive Relief

Count VII of the Complaint asserts a claim for injunctive relief to

prevent Defendants from foreclosing on the Subject Property.[15]  (Compl.

¶¶ 54–55.)  Plaintiff's request for injunctive relief appears to be a request for relief

derivative of his other claims, and not a standalone claim.  Because the Court finds

that all of Plaintiff's claims should be dismissed, and because Plaintiff fails to

allege any facts to show that he is entitled to this equitable remedy, the Court finds

that Plaintiff's claim for injunctive relief should be dismissed as well.

---

[14] Defendants also request that the Court strip paragraphs 15, 18, and 29 from the Complaint because Plaintiff has failed to allege fraud with particularity. (Mot. at 26–27.)  Additionally, they argue that Count VI should be dismissed because it is seeking duplicative relief and because the Complaint fails to allege grounds for derivative liability against either BAC or MERS, neither of whom were the originating lenders.  (Reply at 8–9.)  The Court need not address these arguments because of its determination that the Complaint should be dismissed.

[15] Plaintiff filed his Complaint on May 7, 2010, and the Subject Property was sold at a foreclosure auction on June 10, 2010 (Mot. Exs. C, D).  Because the Court finds that the Complaint should be dismissed, it does not address at this juncture the question of whether the auction sale mooted Plaintiff's request for injunctive relief.

Accordingly, the Court GRANTS Defendants' Motion to Dismiss as to Plaintiff's claim for injunctive relief.

V.     Count VIII: Implied Covenant of Good Faith and Fair Dealing

Count VIII of the Complaint alleges that Defendants' "representations toward Plaintiff breached the above described Mortgage and Note for reasons incompatible with good faith and fair dealing."  (Compl. ¶ 57.)  In Hawaii, commercial contracts are subject to a statutory duty to perform in good faith.  Haw. Rev. Stat. § 490:1-304.  Further, Hawaii law recognizes that "every contract contains an implied covenant of good faith and fair dealing that neither party will do anything that will deprive the other of the benefits of the agreement."  Best Place, Inc. v. Penn Am. Ins. Co., 920 P.2d 334, 337–38 (Haw. 1996) (citations omitted).

Here, Plaintiff again fails to allege any facts and solely provides legal conclusions regarding Defendants' purported violation of the implied covenant of good faith and fair dealing.  Plaintiff does not state what specific representations, allegedly made by Defendants, violated the implied covenant of good faith and fair dealing and Plaintiff provides no level of detail regarding the supposed violation. Plaintiff's Opposition to the Motion, merely states that "Plaintiff has properly and sufficiently pled a claim for Breach of [the] Implied Covenant of Good Faith and

Fair Dealing." (Opp'n at 5.) This is yet another legal conclusion that is entitled to no weight and fails to address the pleading deficiencies associated with Plaintiff's Complaint.

Plaintiff's failure to provide any facts as to his claim for violation of the implied covenant of good faith and fair dealing is fatal to this claim. Accordingly, the Court GRANTS Defendants' Motion to Dismiss as to Plaintiff's claim for breach of the implied covenant of good faith and fair dealing.

VI.    Count IX: Equitable Estoppel

Count IX of the Complaint asserts a claim for equitable estoppel. (Compl. ¶¶ 58–59.) Equitable estoppel may be raised under federal and state law either as an affirmative defense or to prevent another party from raising an affirmative defense. See, e.g., Fed. R. Civ. P. 8(c); Vidinha v. Miyaki, 145 P.3d 879, 885 (Haw. App. 2006). Plaintiff's claim for equitable estoppel provides as follows:

> By virtue of their conduct, and in order to prevent injustices from occurring, the doctrine and/or principals of equitable estoppels [sic] applies and prevents Defendants . . . from asserting claims and defenses against Plaintiff and/or preventing Plaintiff from asserting claims and defenses against said Defendants concerning the Mortgage and Note and/or subject property.

(Compl. ¶ 59.)  Plaintiff elaborates on his claim for equitable estoppel by providing that "[b]ased on the Defendants' actions and utilizing fraudulent paperwork to further hinder the Plaintiff, Injunctive Relief and Count 9—Equitable Estoppel are valid claims."  (Opp'n at 4.)  Aside from the fact that Plaintiff's assertion that Defendants utilized fraudulent paperwork is a legal conclusion, this statement does not shed any light on Plaintiff's claim for equitable estoppel.  It is entirely unclear to the Court in what context and as to what claims Plaintiff would like to utilize the doctrine of equitable estoppel.

Accordingly, the Court GRANTS Defendants' Motion to Dismiss as to Plaintiff's claim for equitable estoppel.

VII.   Count X: Negligent Infliction of Emotional Distress and Intentional Infliction of Emotional Distress

Count X of the Complaint alleges claims for negligent infliction of emotional distress ("NIED") "and/or" intentional infliction of emotional distress ("IIED").  (Compl. ¶¶ 60–64.)

A.   Negligent Infliction of Emotional Distress

A plaintiff may recover for NIED "where a reasonable [person], normally constituted, would be unable to adequately cope with the mental stress engendered by the circumstances of the case." Doe Parents No. 1 v. State, 58 P.3d

545, 580 (Haw. 2002) (citations and quotations omitted).  An NIED claim that fails to allege physical injury as damage "is nothing more than a negligence claim in which the alleged actual injury is wholly psychic and is analyzed utilizing ordinary negligence principles."  Id. (citations and quotations omitted).  To maintain a NIED claim, the Hawaii Supreme Court, thus, has held that a person must allege "that <u>someone</u> was physically injured by the defendant's conduct, be it the plaintiff himself or herself or someone else," otherwise the person may maintain a negligence claim only.[16]  Id. at 580–81 (citations omitted).

Here, Plaintiff has not alleged a predicate injury or threat of immediate injury either to himself or someone else.  Rather, Plaintiff supports his NIED claim by providing a formulaic recitation of the elements of a negligence cause of action, which are entitled to no weight on a motion to dismiss.  See Iqbal, 129 S. Ct. at 1949.  Plaintiff also asserts the following:

_____

[16] The Supreme Court of Hawaii has carved out specific categorical exceptions to this general rule.  For example, the court has allowed recovery for an NIED claim without a showing of an injury for HIV exposure and for mishandling of a corpse.  <u>Doe Parents</u>, 58 P.3d at 581; <u>see also</u> <u>Soone v. Kyo-Ya Co.</u>, 353 F. Supp. 2d 1107, 1118 (D. Haw. 2005).  These exceptions were created based upon the reasonableness standard articulated in <u>Rodrigues v. State</u>, 472 P.2d 509 (Haw. 1970), namely where a reasonable man, normally constituted, would be unable to adequately cope with the mental stress engendered by the circumstances of the case.  <u>Soone</u>, 353 F. Supp. 2d at 1118.  Plaintiff has not provided any facts to support that an exception to the physical injury requirement applies.

> Defendants breached their duties by causing Plaintiff to suffer severe mental and emotional distress, by misleading Plaintiff by entering into a loan they were not properly qualified for, in telling Plaintiff he could work out a resolution to avoid foreclosure, by giving Plaintiff false hope that said Defendants would qualify for a loan modification, making Plaintiff provide the same documents already provided, in causing Plaintiff to lose his savings, by giving Plaintiff hope that they could reach some resolution, then giving them notice of intent to foreclose instead.

(Compl. ¶ 62.)  It is unclear whether Plaintiff intended for these allegations to support the NIED claim, the IIED claim, or both.  Even assuming the truth of these facts, Plaintiff's NIED claim still fails because he has not alleged existence of a predicate physical injury.[17]

Accordingly, the Court GRANTS Defendants' Motion to Dismiss as to Plaintiff's claim for negligent infliction of emotional distress.

B.     Intentional Infliction of Emotional Distress

"Under Hawaii law, the elements of IIED are '(1) that the act allegedly causing the harm was intentional or reckless, (2) that the act was outrageous, and (3) that the act caused (4) extreme emotional distress to another.'"

_____

[17] Defendants also argue that the Complaint fails to state a claim for NIED because Plaintiff has not established that Defendants owe a duty of care to Plaintiff.  (Mot. at 22–23; Reply at 11–12.)  In response, Plaintiff asserts, without citing to any legal authority, that "there is a right of reliance that a lender will perform in the best interest of his client."  (Opp'n at 5.)  The Court need not reach this argument because Plaintiff's failure to allege a physical injury is dispositive of his NIED claim.

Enoka v. AIG Haw. Ins. Co., 128 P.3d 850, 872 (Haw. 2006) (quoting Hac v. Univ. of Haw., 73 P.3d 46, 60–61 (Haw. 2003)).  The Hawaii Supreme Court defines the term "outrageous" as conduct "'without just cause or excuse and beyond all bounds of decency.'"  Enoka, 128 P.3d at 872 (quoting Lee v. Aiu, 936 P.2d 655, 670 n.12 (Haw. 1997)).  "Moreover, 'extreme emotional distress' constitutes, inter alia, mental suffering, mental anguish, nervous shock, and other 'highly unpleasant mental reactions.'"  Id. (quoting Hac, 73 P.3d at 60).

Plaintiff fails to allege any facts to support an inference that Defendants acted in an intentional or reckless manner or that they engaged in outrageous conduct.  Furthermore, Plaintiff's assertion that Defendants caused him to suffer severe emotional distress is a legal conclusion, not entitled to be assumed true when ruling on a motion to dismiss.  See Iqbal, 129 S. Ct. at 1949.  Plaintiff's conclusory allegations are once again insufficient to state a claim for relief.

Accordingly, the Court GRANTS Defendants' Motion to Dismiss as to Plaintiff's claim for intentional infliction of emotional distress.

## VIII.   Count XI: Punitive Damages

Count XI of the Complaint asserts a claim for punitive damages. (Compl. ¶¶ 65–66.)  A claim for punitive damages is not an independent tort, but a remedy that is incidental to another cause of action.  See Ross v. Stouffer Hotel Co.

27

(Hawai`i) Ltd., 879 P.2d 1037, 1049 (Haw. 1994) (citing Kang v. Harrington, 587

P.2d 285, 291 (Haw. 1978) (holding that a claim for punitive damages "is not an

independent tort, but is purely incidental to a separate cause of action").  Because

the Court finds that Plaintiff does not have any viable causes of action at this

juncture, his claim for punitive damages must also fail.  Accordingly, the Court

GRANTS Defendants' Motion to Dismiss as to Plaintiff's claim for punitive

damages.

IX.   Additional Claims

Plaintiff appears to assert several additional claims, which are listed in

the background section of his Complaint.  Because the Court has determined that

the Complaint should be dismissed, it will only briefly address these claims.  First,

paragraph 11 of the Complaint provides as follows:

> [Defendants] failed and/or refused to provide Plaintiff with copies of
> important documents which would explain their consumer rights, as
> well as other rights, including but not limited to, the right to cancel the
> contract, and disclosures required under the Federal Truth in Lending
> [Act] "TILA", the Real Estate Settlement Procedures Act "RESPA",
> the Equal Credit Opportunity Act "ECOA", the Gramm, Leach, Bliley
> Act "GLB", Fair & Accurate Credit Transactions Act "FACTA" and
> the Home Ownership and Equity Protection Act "HOEPA".

(Compl. ¶ 11.)  Aside from the alleged TILA violation, Plaintiff utterly fails to

provide any information as to either the specific provisions of these statutes that

Defendants purportedly violated or how Defendants' conduct violated these provisions.  Plaintiff cannot satisfy the Rule 8 pleading requirements by just providing a laundry list of federal acts.  Plaintiff must provide enough facts to give Defendants fair notice of the nature of the claims against them.[18]

Second, Plaintiff alleges that "none of said Defendants are in possession of the original Note and therefore have no authority to enforce the provisions of the Mortgage and Note against Plaintiff."  (Compl. ¶ 20.)  Plaintiff further contends that "MERS is barred from moving forward because it has NO authority and has NO standing to enforce the provisions of the Mortgage and Note against Plaintiff" (id. ¶ 21) and that "BAC is not the holder of the Note and thus not the real party in interest herein" (id. ¶ 22).  Plaintiff provides additional conslusory arguments in support of this claim in his Opposition to the Motion. (See Opp'n at 9–11.)  However, because Plaintiff does not provide any specific information as to why he believes that BAC and MERS cannot enforce the

---

[18] Defendants also argue that to the extent Plaintiff is bringing a claim under HOEPA, that claim is time barred because, as an amendment to TILA, HOEPA and TILA have the same statutes of limitations.  (Mot. at 18 n.6.)  Additionally, Plaintiff argues in his Opposition to the Motion that his RESPA claim is not barred by the statute of limitations.  (Opp'n at 8.)  The Court need not address these arguments at this juncture.

provisions of the Mortgage and Note, his various allegations are insufficient to state a claim.

Accordingly, to the extent that Plaintiff attempts to state additional claims in the background section of his Complaint, these claims must be dismissed.[19]

X.     Leave to Amend

The Court recognizes that it may be possible for Plaintiff to state a claim if provided the opportunity to amend his Complaint.  Accordingly, the Complaint is DISMISSED as against all Defendants in this action with leave to amend no later than 30 days from the filing of this Order, except for Plaintiff's TILA rescission and recoupment claims, which are barred as a matter of law. Plaintiff shall have leave to amend no later than 30 days from the filing of this Order.  Failure to do so and to cure the pleading deficiencies will result in dismissal of this action with prejudice.  Plaintiff is advised that the amended

---

[19] Plaintiff also requests that the Court take judicial notice of the following: (1) "that [the] originating lender, First Magnus, has filed bankruptcy in August 2007 and that its creditors has [sic] filed a $1 billion lawsuit against the bankrupt mortgage company's executives"; and (2) "that BAC and MERS have been named in a 50 state investigation by the Attorney Generals [sic] for robo-signing and various fraud allegations, yet to be determined."  (Opp'n at 6.)  The Court denies Plaintiff's judicial notice request because these facts are not integral to Plaintiff's Complaint and are not relevant to determination of the instant motion.

complaint must clearly state how each of the named defendants have injured him, and it must also clearly identify the statutory provisions under which Plaintiff's claims are brought.

CONCLUSION

For the reasons stated above, the Court GRANTS Defendants' Motion to Dismiss Complaint (Doc. # 8) and VACATES the hearing on the motion.  The Complaint is DISMISSED as against all Defendants.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, December 13, 2010.



_____
David Alan Ezra
United States District Judge

Phillips v. BAC Home Loans Servicing, LP et al., Cv. No. 10-00272 DAE-LEK; ORDER: (1) GRANTING DEFENDANTS' MOTION TO DISMISS COMPLAINT; (2) VACATING HEARING; AND (3) DISMISSING THE COMPLAINT AS AGAINST ALL DEFENDANTS